IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MANUEL SOTO,

    Petitioner,

v.     Civ. No. 20-480 MV-GJF

MICHELLE LUJAN-GRISHAM,

    Respondent.

## ORDER TO SHOW CAUSE

THIS MATTER is before the Court on Manuel Soto's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 [ECF 1]. Also before the Court is his Motion to Proceed *In Forma Pauperis* [ECF 2]. The Court will grant the Motion, as Soto's financial information reflects he cannot prepay the filing fee.

Soto filed the § 2241 Petition when he was a pretrial detainee at the Metropolitan Detention Center [MDC]. He alleges: (1) MDC failed to provide sufficient protections against COVID-19; (2) the state court improperly denied bond; and (3) the state judge and prosecutor committed misconduct. [ECF 1 at 6-8]. In the prayer for relief, Soto asks the Court to vacate his arrest and order his immediate release from MDC, or alternatively, require MDC to provide personal protective equipment [PPE]. *Id.* at 8. Soto was transferred to the Penitentiary of New Mexico in February 2021 after he pled guilty to, inter alia, auto theft and battery on a peace officer. *See* Judgment entered February 2, 2021 in Case No. D-202-CR-2020-00782.

Section 2241 provides a remedy when a petitioner is "in custody in violation of the Constitution or laws … of the United States." 28 U.S.C. § 2241(c)(3). A petitioner who is later released or transferred can only prevail if the original § 2241 petition "asserts a *redressable*

collateral consequence" stemming from the earlier detention. *United States v. Fields*, 823 F. App'x 587, 589 (10th Cir. 2020) (emphasis in original). *See also Rhodes v. Judiscak,* 676 F.3d 931, 933 (10th Cir. 2012) (a § 2241 petition is moot unless there is an ongoing collateral consequence of the detention "that can be redressed by a favorable judicial decision"). The instant Petition addresses Soto's pretrial custody and detention at MDC. The Court can no longer order his release on bond or require MDC to provide additional PPE. Accordingly, Soto must show cause within thirty (30) days of entry of this Order why his § 2241 Petition is not moot.

Soto is warned that he cannot seek damages in this case based on past civil rights violations at MDC. Habeas proceedings are distinct from civil rights litigation; the actions have different filing fees, legal standards, and rules of procedure. *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (habeas proceedings secure release from illegal custody, whereas claims based on unconstitutional conditions of confinement brought as 42 U.S.C. § 1983 actions). If Soto wishes to pursue past violations that occurred at MDC, he must file a separate 42 U.S.C. § 1983 complaint. The Clerk's Office will mail Soto a form § 1983 complaint, if he wishes to file a civil rights action rather than resisting dismissal of the instant § 2241 Petition.

**IT IS ORDERED** that Soto's Motion to Proceed *In Forma Pauperis* [ECF 2] is GRANTED; but within thirty (30) days of entry of this Order, Soto must file a response showing cause, if any, why his § 2241 Petition [ECF 1] should not be dismissed as moot.

**IT IS FURTHER ORDERED** that the Clerk's Office shall **MAIL** Soto a form § 1983 petition and a form *in forma pauperis* motion.

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE