IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MANUEL SOTO,

    Petitioner,

v.                                                                  No. 20-cv-0480 MV-GJF

MICHELLE LUJAN-GRISHAM,

    Respondent.

**MEMORANDUM OPINION AND ORDER**

    This matter comes before the Court on Petitioner Manuel Soto's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) (Petition). The Petition challenges his pretrial custody at the Metropolitan Detention Center ("MDC"). The Court previously directed Petitioner to show cause why the Petition is not moot following his guilty plea, conviction, and transfer to another facility. Having reviewed the show-cause response and applicable law, the Court will dismiss the Petition as moot.

**I. Background**

    Petitioner filed the Petition on May 13, 2020. At the time, he was awaiting trial in New Mexico's Second Judicial Court. *See* Docket Sheet in Case No. D-202-CR-2020-00782. The Petition alleges: (1) MDC failed to provide sufficient protections against COVID-19; (2) the state court improperly denied bond/bail; and (3) the state judge and prosecutor committed misconduct. (Doc. 1 at 6-8). In the prayer for relief, Petitioner asks the Court to vacate his arrest and order his immediate release from MDC on bond, or alternatively, require MDC to provide personal protective equipment.[1] *Id.* at 8. Petitioner later filed two supplementary pleadings elaborating

---

[1] Petitioner also asks the Court to "force or abolish [New Mexico Rule] 5-409," which governs pretrial detention, "due to unconstitutional acts to a non[] enemy combatant." Doc. 1 at 8. The Court construes

on his arguments regarding pretrial detention and judicial misconduct.  *See* Docs. 3, 4.

On February 1, 2021, Petitioner pled guilty to receiving or transferring a stolen vehicle; aggravated fleeing of a law enforcement officer; and battery on a peace officer.  *See* Plea and Disposition Agreement in Case No. D-202-CR-2020-00782; *see also United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (courts have "discretion to take judicial notice of publicly-filed records"); *Mitchell v. Dowling*, 672 F. App'x 792, 794 (10th Cir. 2016) (Habeas courts may take "judicial notice of the state-court docket sheet").  The state court sentenced Petitioner to an actual term of four years and nine months imprisonment, after suspensions and credits.  *See* Habitual Offender Judgment in Case No. D-202-CR-2020-00782; Doc. 8 at 1.

On March 15, 2021, Petitioner filed a Notice indicating that he was transferred to the Penitentiary of New Mexico ("PNM").  *See* Doc. 6.  The Notice acknowledges that the habeas landscape may have changed, based on the transfer.  Petitioner states: "I am contemplating … changing my relief of Habeas Corpus under 28 U.S.C. § 2241.  And I'm not sure if I would have to file another amended Habeas Corpus [under] 28 U.S.C. §2254.  Now that I'm not on pre-trial detention."  Doc. 6 at 1.  By an Order entered March 18, 2021, the Court directed Petitioner to show cause why his § 2241 Petition should not be dismissed as moot, since he is no longer a pretrial detainee at MDC.  *See* Doc. 7.  Petitioner filed a response (Doc. 8), and the matter is ready for review.

## II.  Discussion

The Petition is governed by Habeas Corpus Rule[2] 4 and 28 U.S.C. § 2241. Habeas Corpus

---

this allegation as additional argument regarding Petitioner's pretrial detention.

[2] "Habeas Corpus Rule" refers to the Rules Governing Section 2254 Proceedings in the United States District Courts. The Court, in its discretion, applies those rules to the § 2241 petition. *See Boutwell v.*

2

Rule 4 requires a sua sponte review of habeas petitions. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief … the judge must dismiss the petition." Habeas Corpus Rule 4. "If the petition is not dismissed, the judge must order the respondent to file an answer…." *Id.*

Section 2241 provides a remedy when a petitioner is "in custody in violation of the Constitution or laws … of the United States." 28 U.S.C. § 2241(c)(3). A petitioner who is released from pretrial custody can only prevail where the detention has "continuing collateral consequences" sufficient to meet the in-custody requirement. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). *See Dumas v. U.S. Parole Comm'n,* 397 F. App'x 492, 493 (10th Cir. 2010) (applying *Spencer's* mootness inquiry to § 2241 petitions). Said differently, a § 2241 "case becomes moot when a plaintiff no longer suffers a *redressable* injury." *United States v. Fields*, 823 F. App'x 587, 589 (10th Cir. 2020) (emphasis added).

Petitioner acknowledges that his pretrial detention has ended. However, he contends that it exceeded the limits allowed by law and the New Mexico Supreme Court's recommendations for handling pretrial detainees during COVID-19. *See* Doc. 8 at 1. He asks the Court to award 700 days of sentence credit as compensation for his risky and prolonged pretrial detention in MDC. *Id.* The Tenth Circuit prohibits courts from modifying a completed sentence or "giv[ing] [ the petitioner] a judicial make-up call by shortening" other penalties such as "his supervised release term." *Rhodes v. Judiscak*, 676 F.3d 931, 935 (10th Cir. 2012) (addressing mootness under § 2241). "[T]he best th[e] court could do would be to declare that he spent longer in custody than

---

*Keating*, 399 F.3d 1203, 1211 n. 2 (10th Cir. 2005) (court acted within its discretion by applying § 2254 Rules to § 2241 petition); *McFarland v. Scott*, 512 U.S. 849, 114 (1994) (courts may summarily dismiss any habeas petition that appears legally insufficient on its face).

3

he should have," which is an improper use of the writ.  *Id.*  Petitioner already received 341 days of presentence credit towards his prison term for the time that he spent at MDC.  *See* Habitual Offender Judgment in Case No. D-202-CR-2020-00782.   There is no authority allowing the Court to award an additional 700 days of credit based on his risky pretrial custody.  Crafting such a remedy would constitute the type of "judicial make-up call" that is expressly prohibited by *Rhodes*.  Accordingly, Petitioner has not established a redressable injury under § 2241.

Petitioner also attempts to overcome mootness by arguing that his conviction and sentence are unconstitutional based on *Miranda* violations, discovery violations, judicial misconduct, and ineffective assistance by counsel.  *See* Doc. 8 at 1.  These claims must be raised in a separate habeas proceeding under 28 U.S.C. § 2254.  *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000) (Section 2254 is the proper vehicle to "challenge … the validity of [a petitioner's] conviction and sentence").   To the extent that Petitioner moves to convert this § 2241 action to a § 2254 action, his request is denied.   "A habeas petitioner is generally required to exhaust state remedies" before obtaining relief "under … § 2254."  *Id.* at 866.  "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack."  *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  Petitioner's criminal judgment was entered two months ago, and he has not begun the exhaustion process.  *See* Docket Sheet in Case No. D-202-CR-2020-00782.

For these reasons, the Court will dismiss the § 2241 Petition as moot and decline to convert the case to a § 2254 proceeding.  The Court will also deny a certificate of appealability, as the ruling is not reasonably debatable.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate

4

of appealability can only issue where "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong").  To reiterate, the dismissal has no impact on any § 2254 claims challenging the underlying conviction and sentence.  Petitioner should raise all habeas claims in a state habeas petition and, if that is denied, a certiorari appeal with the New Mexico Supreme Court.  Once he has exhausted state remedies, he may file a § 2254 petition in this Court.  Petitioner is finally advised that any § 2254 claims must be filed within one year after the criminal judgment becomes final.  *See* 28 U.S.C. § 2244(d) (describing the one-year habeas limitation).

**IT IS ORDERED** that Petitioner Manuel Soto's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (**Doc. 1**) is **DISMISSED as moot**; a certificate of appealability is **DENIED**; and the Court will enter a separate judgment closing the civil case.

_____
HONORABLE MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE